USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 JUN 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DAMON O. JONES,

      Pro se Plaintiff,

-Against-

POLICE OFFICER MICHAEL KING SH #9372
POLICE OFFICER JASON KINELLA SH#9398
POLICE OFFICERS JOHN DOE
DETECTIVE DAVID PAGAN
DETECTIVE DREW HOWARD
DETECTIVE DANIEL BOGGIANO
BARBARA SCHNOOR SEXUAL ASSAULT FORENSIC
ASSISTANT DISTRCT ATTORNEY JIM ZALETA
MICHACL HARRISON D-A-TRAINER
AMY BALDWIN, OFFICE OF THE CHIEF MEDICAL EXAMINER

In His an Her Official and Individual Capacities as

        Defendants.

10 Civ. **0897**

**AMENDED COMPLAINT**

**Jury Trial: Yes**

PRO SE OFFICE

---

      **Verified Complaint for Violations of 42 U.S.C. 1983, False Arrest and Imprisonment, Conspiracy (under 1983 and common law), Failure to Protect and Prevent (by inadequately training), Malicious Prosecution, Abuse of Process, New York Civil Rights Act, Assault, Battery, Negligence, Intentional and Negligent Infliction of Emotional Distress.**

## INTRODUCTION

- Damon O. Jones ["JONES"] of New York hereby asserts the following claims against the Defendants in the above-entitled action:

- Violation of 42 USC 1983: detention and confinement,
- Arrest
- Violation of 42 USC 1983: strip search,
- Violation of 42 USC 1983: conspiracy,
- Violation of 42 USC 1983: refusing or neglecting to prevent,
- Malicious prosecution,
- Malicious abuse of process,
- Violation of New York Civil Rights Act,
- False arrest and imprisonment,
- Assault
- Battery
- Conspiracy
- Intentional infliction of emotional distress
- RICO Conspiracy Claim
- Reserved for infliction of emotional distress after one (1) year or more after presentment.

## Jurisdiction

Jurisdiction of this Court arises under 28 U.S.C. **sec. 1331, 1337, 1343(a), and 1367 (a),** 42 U.S.C. **sec. 1983, 1985, 1986, and 1988,** 18 U.S.C. **1961-1968.**

Jurisdiction of this Court for the pendent Claims is authorized by F.R.Civ. 18(a) arises under the doctrine of pendent jurisdiction as set forth in **Bevin v. Six Unknown Officers**.

## PARTIES

Plaintiff Damon O. Jones ["JONES"] is a natural person residing at 610 west 135th street, New York, New York, United States Of America; was a resident during all relevant times of this action.

Plaintiff sues all public employees in there official and individual capacities.

At all time material to this Complaint, Defendants King, Pagan, Baldwin, Arora, Zaleta, Kinella, Howard, Boggiano, and John Does acted toward Plaintiff Damon

Jones under color of statutes, ordinances, customs, and usage of the State of New York, New York City, and the New York City Police Department.

## Statement of Claim

These events occurred at NYC Job Location NYS Metro D.D.S.O. 146 West 92nd Street.

These events occurred on April 11, 2008 between 11: 30 pm & 12:15 am April 12, 2008.

## Facts

The in this said are as followed: Plaintiff arrived at work around 11:15pm on April 11, 2008, Plaintiff went on to clock in and check the job for the night, and to see if there were any changes by the Supervisor or Trainer. Around 11:45pm, my trainer Michael Harrison accused Plaintiff of Sodomizing a Mentally ill/Violent Consumer; Harrison and Plaintiff get into a Physical Altercation after his accusations, and countered making this unreal statements to Plaintiff, and had the look of I will get you fried.

**NYPD Michael King- Jason Kinella**
**NYC Detective David Pagan-Drew Howard**
**And all John Doe Officer's**

Trainer Harrison precedes down to tell or inform Co-Worker Shirlynn Thomas to call the Police and say a Consumer was being (Raped) by an Employee. The New York City 24th Pct of the NYPD Officers came, Officer Michael King #9372, Officer Jason Kinella #9398 and other Officers.
The Offices came and from that point, people began to color there allegations, this is my co-workers; Plaintiff goes downstairs and wait for the Police. I waited for the cops and let them in, I was arrested, placed into a room, a small room, with three, one Police Officers, two Detectives, each about six feet, about 225 pound; had Plaintiff handcuffed to a bench, were they beat, tazed, shamed as a man, and call Plaintiff' all kinds of N words, call a Rapist, Fag, for over two hours, and made me write a three-quarter page paper trying to make me admit to this crime.

Some twenty four hours are more, after going though this [a]buses and this arrested, shortly before being arraigned, Plaintiff was pulled out of Central booking and brought before the District Attorney's Office. Plaintiff was completely out of it, and beaten, also most exhausted; I could only try to hold my head up.

Plaintiff was not going to admit to a crime that he did not commit. Plaintiff ask for an Attorney over, and over, and was told he would see an Attorney as soon as they finished, that if I would say I did this because of the pressure of my job, and since I have no past records, the ADA would let me off easy; after seeing the ADA, Plaintiff did not see an Attorney until the Count appointed one at his arraignment. Michael Harrison now go before the grand jury, some six days later, and states that Plaintiff sodomized Gary, Harrison states he actually saw anus and penis. At trial, and on cross-examination by Plaintiff Attorney, Michael Harrison at this time is before the Court an Jury, and states, "I never saw anus or penis" that is a major inconsistency, after Plaintiff has I spent one year in jail for this lie. Under oath, the ADA had this man Michael Harrison to tell this to the grand jury when he known it was untrue. The Prosecutors is not immune from this Civil Suit under 42 U.S.C. § 1983.

What the jury saw was the witnesses all had intentionally lied about the material fact, and the jury discredit their testimony, the ADA, Police Officers, Detective, Chief Medical Examiner Baldwin, Dr.Arora, all witnesses for the State of New York, their testimony is not supported by any evidence, there were no Corroboration whatsoever, no forensics at all.

The State of New York ADA, and its New York Police Officer's were making stuff up as they go, there making this a made up case in Court, the State is coloring the witnesses testimony, this is done by ADA Zaleta, and it's because of the allegations. The State just wraps itself around the possibility that the Plaintiff did do this crime, without any evidence. They just heard the allegation, and who the victim was, and they don't want to hear anything else.

Plaintiff has never admitted to this crime and was found innocent of this said crime, for if there was a crime committed; Damon Jones isn't that person that committed this said crime.

There was no evidence to suggesting that Plaintiff did this act, no physically evidence occurred at trial. The ADA and the Police Offices, also the Detective an Michael Harrison describes to the Grand Jury a crime without evidence, only Harrison as a witness, also to the Jury. This was planned by the ADA, and the other Police Officers, the Detectives, also Michael Harrison, the Defendants is in violation of Plaintiff Civil Rights. Plaintiff gets to work about eleven ten or fifteen, and they wanted the Jury to believe that within fifteen to twenty minutes Plaintiff is upstairs violently and brutally sodomizing a mentally ill/ Violent Consumer, this would be a difficult task, because Gary Spigner is a Consumer that is not a small person in size.

The problem with this is that the Chief Medical Examiner Baldwin and Dr. Arora, has checked high and low, they checked far and near, they checked everything, my clothes, my body, the mentally ill Consumer Gary, Gary's clothes, absolutely not one scintilla, not a speck, not a pinhead of Vaseline. The Police planted a Vaseline jar into the bathroom, not only into the bathroom, but perfectly positioned it right on the toilet tank, screwed together, and it was wiped clean of any prints. How does that happen? A conspiracy, because if that's the way it happened as they say, there would be Vaseline everywhere. This is a very big man that they say [i] the Plaintiff sodomized this man is at least five nine or taller. He's over two hundred pounds. He's a violent man, he's not intending to be violent, but he is.

There were inconsistencies in all the States witness statements. Plaintiff is not talking about little inconsistencies, because that was to be expected, one person says one thing and be off a little bit. Plaintiff is speaking of big inconsistencies. The ADA had set in motion a plain to commit a Conspiracy to convict Plaintiff of a made-up case that he the ADA and his other **conspirators,** conspired to carry out these unlawful acts in which they know was untrue, this was done maliciously and manufactured by New York City ADA, an NYPD.

## RICO Conspiracy Claim § 1962(c)(d)

Section 1962 (d), by contrast, makes it unlawful for **ANY** person to conspire to violate Section 1962 (a),(b), or(c).
The United States Supreme Court held that "to conduct or participate, directly or indirectly, in the conduct of [a] enterprise" affairs', 1962 (c), one must participate in the operation or management of the enterprise itself."507 U.S. at 185., Clearly, Plaintiff do not allege that the ADA participated in the enterprise, but is the management of the enterprise as the Assistant District Attorney of the City of New York, it was clearly the ADA decision on its face, that relates to Section 1962 (c) (d); The Defendant ADA can't point to no case holding that such a claim is improper, because there is none, the ADA is liable. The Defendants are also **liable** under 1962(d) in this regards as well, because one can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense….it makes no difference that the substantive offense under subsection (c) requires two or more predicate acts. The interplay between subsections (c) and (d) does not permit the excuse of ADA from the reach of the conspiracy provision as an actor who commits or agree to commit the two or more predicate acts requisite to the underlying offense.

This act by the ADA is clearly showing that the ADA personally engaged in a pattern of RICO Racketeering activity; also, to violated 42 U.S.C. § 1983,
an 18 U.S.C., in this RICO act, this ADA adopted the goal of furthering and facilitating the [RICO] endeavor, also Plaintiff Amended Complaint clearly alleges all Defendants as co-conspirator, the ADA as the player who communicated and facilitate the Conspiracy.

## Municipality Liability For Prosecutorial Misconduct.

The violation by the ADA Zaleta must not be dismissed, for the ADA Zaleta were not in within the scope of ADA official duties, but, in violation of Federal and State Laws, to plant evidence, assistant in the untruth told to the grand jury, by intentionally misleading the grand jury with Michael Harrison false statements in his [Harrison] **testimony,** in which was given under oath to the grand jury. The ADA also, set up the crime scene; Plaintiff was taken by order of the ADA Zaleta from the arraignment and delays this process by making a video after the Police turn the Plaintiff over for arraignment. Under the NY Laws CPL § 140.209 (1), Police

must bring the Defendant to court for arraignment without unnecessary delay after all required police procedures are performed, whether police arrest defendant with or without a warrant. CPL § 140.209(1) set no time limits; however, Plaintiff defense counsel did motion to the Court, asserting that the ADA Zaleta and the police unlawfully delayed Plaintiff's speedy arraignment rights. The trial Court reviewed the motion and determines to allow the Jury to make the judgment, if prosecution Zaleta prolonged the pre-arraignment detention beyond the time reasonably necessary to accomplish the tasks required to bring the Defendant to arraignment. The trial jury agreed that Plaintiff' constitutional rights had been violated, that this time was used to allow more coercions of admissions or confessions.

The prosecution had no acceptable explanation for the delay, to videotape a staged coercions confession. However, Courts have found that all of these reasons are unacceptable by any means. See *People ex rel. Maxian v. Brown, 77 N.Y. 2d 422, 568 N.Y. S. 2d 575, 570 N.E.2d 223 (1991).* The prosecution was afford opportunity to put forth other reasons for alleged delay in said arraignment, and the Trial Jury rejected the prosecutions reasons for alleged delay in arraignment. See Fox v. DeSoto, 489 F. 3d 227 (6th Cir. 2007) (recognizing cause of action under § 1983 for malicious prosecution based on Fourth Amendment violation); Ricciuti v. N.Y.C. Transit Authority, 124 F. 3d 123, 129 (2d Cir. 1997)(arrest without probable cause proper grounds for civil rights lawsuit). See also Taylor v. Meacham, 82 F.3d 1556, 1560(10th Cir. 1996) ("most of the lower courts recognize that a malicious prosecution claim is cognizable under § 1983"). See also Zahrey v. Coffey, 221 F.2d 352, 355 (2d Cir. 2000)(action appropriate against prosecutor who during the investigation of a case fabricated evidence for use at trial); Clanton v. Cooper, 129 F.3d 1147, 1157 (10th Cir 1997)(coerced confession actionable under § 1983").

The Second Circuit, citing New York's structure of government and state case law, reasoned that a county District Attorney, in formulating office-wide **administrative and managerial policies,** is a municipal official, even though, when he makes decisions in the course of an individual prosecution, he acts on behalf of the State. See Walker v. City of New York. The Supreme Court in McMillian v. Monroe County, in a case involving whether, for purposes of § 1983 liability, the Court listed a number of factors, including the scope of the officeholder's power or jurisdiction, who elects or appoints them, and whether they

have local or state fiscal, administrative, and political accountability. Following McMillian, the Second Circuit reaffirmed Walker, extending it to a case involving a trial-related equal protection claim, and a New York State Appellate Court agreed as such. The ADA did violate the New York State Law under CPL- 140.20, CPL - 140.20 (1)., as the Jury in the State case has shown in its **verdict** and finding on that question and fact, an the Plaintiff did prevail on the Violation by the ADA, an the New York Police City Officers. The ADA (State) is the litigant in the Criminal Case, there placing the Municipality as a party for the ADA in the Civil Case.

## 42 U.S.C. § 1988 (b)

In enacting § 1988, Congress intended to encourage the enforcement of the Civil Rights Acts through "private attorneys general," by requiring defendants to pay Plaintiff's reasonable counsel fees. Plaintiff request all Attorney fee's in the State Trial, also the Federal Civil Lawsuit. The Civil Rights Act "depend(s) heavily on private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important congressional policies which these laws contain." Quaratino v. Tiffany & Co. 166 F. 3d 422, 426 (2d Cir. 1999); Also Hensley v. Eckerhart, 461 U.S. 424, 445(1983); See Douglas v. City of New York, 595 F. Supp.2d 333, 345 (S.D.N.Y. 2009) the police officers all so forwarded false information to the prosecutor's office, this is a action appropriate for violation of fair a trial. The NY City ADA accepted this information, and helps to develop this **misrepresentation**, that has damaged the rights sufficiently of Plaintiff, and Attorney fees should be paid by the Defendants.

### Detective Boggiano-Crime Scope
### Nurse Barbara Schnoor- Sexual Assault Forensic Examiner Scope St. Luck Hospital
### Amy Baldwin- Forensic Office of the Chief Medical Examiner State of NY.

The Defendants here did editorializing their testimony, there making Plaintiff' properly stated claim under § 1983 against all Forensic chemist for maliciously withholding exculpatory evidence and fabricating inculpatory evidence at trial. See Pierce v. Gilchrist, 359 F. 3d 1279, 1292 (10th Cir. 2004). The Defendants on cross-examination had to say "okay; one by one, after all the dress-up and all the

fancy stuff, they say I did not see anything. Nothing; No blood, no semen, not a hair, no trauma, no Vaseline, no glands are lubricating, no petroleum jelly. <u>Nothing</u>, there is this so call victim, this victim can't speak, forensics are now speaking on behalf of the Plaintiff', and Gary the so call victim, and it is saying nothing happen that Damon Jones, didn't do anything to me (victim). This three Defendants has violated my civil rights under § 1983.

## THE DOCTRINE OF RESPONDENT SUPERIOR
All Defendants are also liable under this Doctrine
Of Respondent Superior

## PUNITIVE DAMAGES

TRIPLE DAMAGES MULTIPLER (3X)

### Damages to My Life In The Long Term.

RELIEF REQUESTED TO ALL DEFENDANTS<br/>$750,000,000. Each

## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
## 42 U.S.C.1983 USC POLICE & PROSECUTORIAL MISCONDUCT

RELIEF REQUESTED TO ALL DEFENDANTS<br/>$ 500,000,000. Each

## ADA JAMES ZALETA PROSECUTOR
## PRETENDING TO ACT IN OR PERFORMACE OF
## HIS OFFICIAL DUTIES.

RELIEF REQUESTED FROM THIS DEFENDANT<br/>$ 950,000,000.

**POLICE MICHAEL KING, JASON KINELLA,**
**DETECTIVE DAVID PAGAN, DREW HOWARD,**
**DANIEL BOGGIANO PETENDING TO ACT IN OR PERFORMANCE**
**OF THERE OFFICIAL DUTIES.**

RELIEF REQUESTED FROM THESE DEFENDANTS
$ 850,000,000. Each

**AMY BALDWIN, BABARA SCHNOOR,**
**PETENDING TO ACT IN OR PERFORMANCE**
**OF THERE OFFICIAL DUTIES.**

RELIEF REQUESTED FROM THESE DEFENDANTS
$500, 000, 000.  Each

**MICHAEL HARRISON PETENDING TO ACT**
**IN HIS OFFICIAL DUTIES.**

RELIEF REQUESTED FROM THIS DEFENDANT
$950, 000,000.

**Conduct and Participation in a RICO Racketeering, Conspiracy,**
**Enterprise Through a Pattern of Racketeering Activity,**
**Under 18 U.S.C. § 1962 (b)(c)(d).**

RELIEF REQUESTED FROM EACH OF THESE DEFENDANTS

$625,000,000.

**COMPENSATORY DAMAGES**
**TRIPLE DAMAGE MULTIPLIER (3X)**
**RELIEF REQUESTED FOR JOB LOST**
**ITEMS LOST IN THE ARREST ON**
**APRIL 11, 2008.**

### RELIEF REQUESTED FROM EACH THESE DEFENDANTS

$ 327, 984. 00. Job Triple at $27, 332.00
At Four (4) Years, at an Interest of 9%= $ 63, 787. 00

### RELIEF REQUESTED FROM EACH THIS DEFENDANT
### MICHAEL KING SH # 9372

For all lost items lost on the arrest on April 11, 2008
In which all value is unknown at this time.

As a result of the Defendants' negligent conduct, and Deprivation Of Rights Under Color Of Law (Title 42 USC Section 1983). Plaintiff Damon Jones has suffered and will continue to suffer Physical Symptomatologies, Pain, anguish, severe emotional trauma, embarrassment, and humiliation, and physical injury. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the violations, deprivation, civil rights, negligence of the Defendants.

**WHEREFORE,** Plaintiff demands judgment, including interest, jointly and severally against the Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Respectfully submitted

_Damon O. Jones_   6/10/10
DAMON O. JONES
610 WEST 135TH STREET APT 4B
NEW YORK, NEW YORK, 10031
(212) 491-3646 (H)
(917) 640-1954 (C)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DAMON O. JONES,

               Plaintiff,

   -against-

POLICE OFFICER MICHAEL KING SH #9372;
DETECTIVE DAVID PAGAN SH #9398;
NIGHTWATCH AMY BALDWIN, OFFICE OF
THE CHIEF MEDICAL EXAMINER; DR. UMIC
ARORA; MICHAEL HARRISON,
DEVELOPMENTAL AIDE GRADE 9,
FRANCINE DAVIS, DEVELOPMENTAL AIDE
GRADE ; SHIRLYNN THOMAS,
DEVELOPMENTAL AIDE GRADE, JIM
ZALETA ADA; POLICE OFFICER MICHAEL
KING; DETECTIVE DAVID PAGAN,

               Defendants.
------------------------------------------------------------X

10 CV 0897

**ORDER**

     Plaintiff filed this complaint *pro se* alleging that while at his job at the New York State Developmental Disabilities Services Office, co-workers called the police because they believed he had sodomized a "mentally ill/violent consumer." Compl. ¶ IIIC. Thereafter, plaintiff got into an "altercation" with Michael Harrison, his "trainer." Id. Plaintiff asserts that police officers used excessive force during his arrest. Id. It also appears that plaintiff is attempting to assert employment discrimination claims against his former employer and co-workers. Plaintiff seeks monetary damages and to have defendants prosecuted. Plaintiff's application to proceed *in forma pauperis* is granted. For the following reasons, plaintiff is directed to submit an amended complaint within sixty (60) days.

### Discussion

     The Court liberally construes the complaint as alleging, pursuant to 42 U.S.C. § 1983, that the police used excessive force while arresting him, and thus violated his constitutional rights. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (The pleadings of a *pro se* plaintiff must be read liberally and should be interpreted "to raise the strongest arguments that they suggest."). The Fourth Amendment

prohibits police use of excessive force measured by a standard of objective reasonableness. See Graham v. Connor, 490 U.S. 386, 397 (1989); Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir. 2003). A claim of excessive police force in violation of the Fourth Amendment requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396; Jennis v. Rood, 310 F. App'x 439, 441 (2d Cir. Feb. 7, 2009); Davis v. Ventimiglia, No. 07 Civ. 6043 (LAP) (MHD), 2009 WL 4910047, at *3 (S.D.N.Y. Dec. 21, 2009).

Additionally, the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Absent allegations that a defendant personally participated in the alleged § 1983 violation, any claims against that defendant must be dismissed. See Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (dismissing § 1983 claim where there were no allegations that the defendant "engaged directly" in any of the actionable conduct). A police officer is personally involved in the use of excessive force if he either (1) directly participates in the use of force, or (2) was present during the use of force and failed to intervene on behalf of the victim even though he had the opportunity to do so. See Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997); see also Smart v. City of New York, No. 08 Civ. 2203 (HB), 2009 WL 862281, at *3 (S.D.N.Y. Apr. 1, 2009) (dismissing claims against defendants who were not among the officers alleged to have used excessive force). Plaintiff is granted leave to file an amended complaint to explain what each police officer's role was in the events giving rise to this complaint.

Defendant Zaleta is an assistant district attorney. Prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process...." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994). In addition, prosecutors are absolutely immune from suit for acts which may be administrative obligations, but are "directly connected with the conduct of a trial." Van de Kamp v. Goldstein, ___ U.S. ___, 129 S. Ct. 855, 862 (2009). To the extent that the allegations of wrongdoing in plaintiff's complaint are clearly "intimately associated with the judicial phase of the criminal process," the actions of defendant Zaleta are entitled to absolute prosecutorial immunity. Imbler, 424 U.S. at 430. For this reason, any claims against Zaleta must be dismissed. See 28 U.S.C. § 1915(e)(2)(b)(iii).

Finally, the Court notes that plaintiff filed a separate action asserting employment discrimination claims against his former employer and co-workers. See Jones v. New York State Metro D.D.S.O., (received November 19, 2009, but not yet assigned a docket number). Because plaintiff has already filed an action asserting employment discrimination claims against these defendants, any such claims asserted in this complaint are dismissed as duplicative. To the extent that plaintiff seeks to have defendants criminally prosecuted, such relief is not available because private citizens have no standing to force arrests and prosecutions in federal court. See 28 U.S.C. § 547 (authorizing United States Attorneys Office to prosecute for federal crimes); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

### Leave to Amend Complaint

The Court grants plaintiff leave to amend his complaint to provide more information about his false arrest and excessive force claims against defendants who were directly involved in such conduct.

3

The amended complaint must be submitted to this Court's *Pro Se* Office within sixty (60) days of the date of this order. It should be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this order. The amended complaint will completely replace the original complaint, and plaintiff must attach a copy of this order to his amended complaint. No summons shall issue at this time, and all further proceedings shall be stayed for sixty (60) days or until plaintiff has complied with this order. If plaintiff fails to comply with this order within the time allowed or show good cause why he cannot comply, the complaint will be dismissed. Once submitted, the amended complaint shall be reviewed for compliance with this order and substantive sufficiency, and then, if proper, the case shall be reassigned to a district judge in accordance with the procedures of the Clerk's Office. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
Chief Judge

Dated: 0 4 FEB 2010

New York, New York

4