UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAMON O. JONES,

         Plaintiff,        10 Civ. 0897 (PKC)

   -against-          MEMORANDUM
                     AND ORDER
MICHAEL KING, et al.,

         Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

     Plaintiff Damon O. Jones, proceeding pro se, asserts claims arising out of his arrest and conviction for Endangering the Welfare of an Incompetent Person, NY Penal Law § 260.25.  He seeks damages pursuant to 42 U.S.C. § 1983 and New York law and also alleges the existence of a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1965(d).  Plaintiff has moved for a default judgment against two of the defendants, and certain defendants have moved to dismiss the complaint.  Plaintiff has not submitted papers opposing the motions to dismiss, and has not written the Court to request a further extension.  As a result, I consider those motions unopposed.


BACKGROUND

     Plaintiff is a former employee of the New York Developmental Disabilities Service office.  He alleges that at 11:45 p.m. on April 11, 2008, his co-worker Michael Harrison accused him of sodomizing a mentally disabled resident of the facility.  Mr. Harrison informed another co-worker, Shirlynn Thomas, who telephoned the police to report a rape.  NYPD officers Michael King and Jason Kinella, among others, responded to the call and arrested the plaintiff.

Plaintiff alleges that, after his arrest, he was placed in a small room and two NYPD detectives and one officer beat, tased, and verbally harassed him, and attempted to coerce a confession from him. He claims that he was then processed through central booking, but was pulled out shortly before arraignment on the orders of Assistant District Attorney Jim Zaleta, who required him to make a videotaped confession before arraignment.

Plaintiff was arraigned, and later indicted by a Grand Jury on six counts: Criminal Sexual Act in the First Degree, New York Penal Law § 130.50(1); Criminal Sexual Act in the Second Degree, § 130.45(2); Sexual Abuse in the First Degree, § 130.65(1); Assault in the Second Degree, § 120.05(6); Endangering the Welfare of an Incompetent or Physically Disabled Person, § 260.25; and Sexual Abuse in the Second Degree, § 130.60(1). The trial court dismissed the charge of Assault in the Second Degree, and plaintiff went to trial on the remaining counts. He was convicted of Endangering the Welfare of an Incompetent or Physically Disabled Person, and sentenced to one year in jail, but was acquitted of the remaining charges.

Plaintiff filed a complaint against defendants Police Officer Michael King, Detectives David Pagan, Drew Howard, and Daniel Boggiano, Nurse Barbara Schnoor, Assistant District Attorney Jim Zaleta, Medical Examiner Amy Baldwin. Plaintiff asserts various state and federal claims stemming from his arrest and prosecution, and seeks a total of $25,900,063,787.00 in compensation. Plaintiff has filed a motion for default judgment against defendants Pagan and Boggiano. All defendants who were served with the summons and complaint have now moved to dismiss, asserting various defenses. The complaint also names Police Officer Jason Kinella, a "John Doe" police officer and Michael Harrison, a co-worker of plaintiff's, but none of these defendants have been served, nor have they joined in

any of the motions to dismiss.

DISCUSSION

I.      Legal Standard

        Rule 8(a)(2), Fed. R. Civ. P., requires "a short and plain statement of the claim

showing that the pleader is entitled to relief, in order to give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550

U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (ellipsis in original).  To

survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide the grounds upon

which the claims rest, through factual allegations sufficient to "raise a right to relief above the

speculative level." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)

(quoting Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ____, 129 S.Ct. 1937, 1949,

173 L.Ed.2d 868 (2009).  "The plausibility standard . . . asks for more than a sheer possibility

that a defendant has acted unlawfully." Id.  Legal conclusions and "[t]hreadbare recitals of

the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id.

at 1949–50.  The Supreme Court has described the motion to dismiss standard as

encompassing a "two-pronged approach" that requires a court first to construe a complaint's

allegations as true, while not bound to accept the veracity of a legal conclusion couched as a

factual allegation. Id.  Second, a court must then consider whether the complaint "states a

plausible claim for relief," which is "a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." <u>Id.</u>

Because plaintiff is proceeding <u>pro se</u>, the Court must "construe his complaint liberally and interpret it 'to raise the strongest arguments that [it] suggest[s].'" <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (quoting <u>Harris v. City of N.Y.</u>, 607 F.3d 18, 24 (2d Cir. 2010)).  "Even in a <u>pro se</u> case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> (internal quotations omitted).

II.     Plaintiff's Motion for Default Judgment against David Pagan and Daniel Boggiano

Plaintiff has moved for a default judgment against defendants David Pagan and Daniel Boggiano.  The docket reflects that plaintiff served Pagan on December 12, 2010, and Boggiano on December 21, 2010.  The United States Marshal's Service served both defendants with the summons and complaint by delivery of copies to each officer's place of work.  The returns of service show that Boggiano's summons was delivered to  Sergeant Boening, and Pagan's to  Sergeant McInnis, at the officers' respective precincts.

Neither defendant responded to the complaint, and on March 9, 2011, Magistrate Judge Fox directed plaintiff to review the default judgment rules and make such application to the Court as he deems appropriate.  (Docket No. 31.)  The same day, both defendants submitted an Answer to the Amended Complaint.  (Docket No. 32.)  Plaintiff subsequently moved for entry of default judgment against both defendants.  (Docket No. 38.) The defendants oppose this motion, arguing that plaintiff did not obtain a Clerk's Certificate of Default, as required by Local Rule 55.2(b), and that there is good cause to set aside any

default.

Plaintiff cannot obtain a default judgment, because no default has been entered

against the defendants.   As the Second Circuit has explained:

> Rule 55 of the Federal Rules of Civil Procedure provides a two-
> step process for obtaining a default judgment. The first step is to
> obtain a default. When a party against whom affirmative relief
> is sought has failed to plead or otherwise defend, a plaintiff may
> bring that fact to the court's attention, and Rule 55(a) empowers
> the clerk of the court to enter a default against a party that has
> not appeared or defended. Having obtained a default, a plaintiff
> must next seek a judgment by default under Rule 55(b).

New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).  Jones has not obtained a certificate of

default from the Clerk of the Court, and may no longer do so because the defendants have

now answered.[1]

Even if plaintiff had obtained a certificate of default, the defendants have

shown good cause to set the default aside.  Rule 55(c), Fed. R. Civ. P. provides that a default

may be set aside for "good cause" shown.  In making this determination, a district court's

decision should be informed by three factors: "(1) whether the default was willful, (2) whether

the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to

what extent, vacating the default will cause the nondefaulting party prejudice."  Green, 420

F.3d at108 (internal quotations omitted).  "Wilfulness in the context of a judgment by default

requires something more than mere negligence, such as egregious or deliberate conduct."  Id.

There is no indication that the default was willful. There are questions as to

the adequacy of service, because the summons was delivered to each defendant's place of

business, but not then mailed to either as required by New York CPLR § 308.  The defendants

---

[1] This is not a case where the "efficient administration of justice" outweighs adherence to the default judgment
rules.  Olvera v. New Ko-Sushi, No. 10 Civ. 4643 (PKC), 2011 WL 724699, at *2 (S.D.N.Y. Feb. 16, 2011)
(quoting In re Suprema Specialties, Inc., 330 B.R. 40, 47 (S.D.N.Y. 2005)).

have meritorious defenses available to them, as discussed below, and plaintiff was not prejudiced by the delay.  The motion for default judgment is therefore denied.


III.    Defendant James Zaleta

Plaintiff alleges that Assistant District Attorney James Zaleta refused his request for an attorney when Zaleta interviewed him, unlawfully delayed his arraignment, and conspired with others to falsely convict him, including by presenting false testimony and planting evidence at the crime scene.

As Chief Judge Preska stated in her Order allowing the plaintiff to amend his complaint in this action, "[t]o the extent that the allegations of wrongdoing in plaintiff's complaint are clearly 'intimately associated with the judicial phase of the criminal process,' the actions of defendant Zaleta are entitled to absolute prosecutorial immunity."  (Docket No. 3 (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).)  "[A] prosecutor has absolute immunity against a claim for damages based on her performance of tasks as an advocate in the conduct of the prosecution."  Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001). In contrast, a prosecutor is not entitled to absolute immunity when she is "not acting as an officer of the court, but is instead engaged in . . . investigative or administrative tasks."  Van de Kamp v. Goldstein, 555 U.S. 335, 129 S.Ct. 855, 861 (2009) (internal quotations omitted). "The ultimate question is whether the prosecutors have carried their burden of establishing that they were functioning as advocates when they engaged in the challenged conduct." Parkinson, 238 F.3d at 150 (internal quotations omitted).

Many of plaintiff's claims against Zaleta are barred by absolute immunity. Zaleta's decision to prosecute is protected, even if motivated by bad faith or ill will.  Shmueli

v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) ("[T]he prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive."). The claim that he "conspir[ed] to present false evidence at a criminal trial" is barred, Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994), as is the allegation of misleading the grand jury, Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995). The prosecutor enjoys absolute immunity "despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.'" Shmueli, 424 F.3d at 237 (quoting Imbler, 424 U.S. at 431 n.34 (1976)). The principle "also protect[s] a prosecutor against malicious prosecution claims brought under state law." Shmueli, 424 F.3d at 238. Plaintiff's state and federal claims alleging malicious prosecution and conspiracy, including RICO conspiracy, are therefore dismissed. Furthermore, all claims against Zaleta in his official capacity are barred by the Eleventh Amendment, and are dismissed. Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

Plaintiff also makes claims that Zaleta engaged in misconduct while acting in an investigative or administrative role, rather than as an advocate, by unreasonably delaying his arraignment, and by denying him access to a lawyer during questioning. When acting in an administrative or investigative function, a prosecutor is entitled to qualified immunity. Mangiafico v. Blumenthal, 471 F.3d 391, 396 (2d Cir. 2006). Qualified immunity "is sufficient to shield executive employees from civil liability under § 1983 if either '(1) their conduct did not violate clearly established rights of which a reasonable person would have known, or (2) it was objectively reasonable to believe that [their] acts did not violate these clearly established rights.'" Cornejo v. Bell, 592 F.3d 121, 128 (2d Cir. 2010) (quoting Young

v. County of Fulton, 160 F.3d 899, 903 (2d Cir. 1998)).

Plaintiff claims that his arraignment was delayed by Zaleta in violation of NY CPL § 140.20 and his constitutional rights.[2]  He alleges that the arraignment occurred "[s]ome twenty four hours [or] more" after his arrest, and that he was "taken by order of the ADA Zaleta from the arraignment and delays this process [sic] by making a video after the Police turn the Plaintiff over for arraignment."  (Am. Compl. at 4, 6.)  New York C.P.L.R. § 140.20(1) states:

> Upon arresting a person without a warrant, a police officer, after performing without unnecessary delay all recording, fingerprinting and other preliminary police duties required in the particular case, must except as otherwise provided in this section, without unnecessary delay bring the arrested person or cause him to be brought before a local criminal court and file therewith an appropriate accusatory instrument charging him with the offense or offenses in question.

N.Y C.P.L. § 140.20(1).  Putting aside the question of whether a statute directed at police officers would apply to Zaleta, it does not provide a private right of action under which the plaintiff may sue.  Watson v. City of New York, 92 F.3d 31, 37 (2d Cir. 1996) (finding "no indication that the New York legislature intended to create a new private right of action in enacting § 140.20" and noting that "[a]mple precedent establishes that a state rule of criminal procedure, such as section 140.20(1), does not create a liberty interest that is entitled to protection under the federal Constitution").

Plaintiff's federal claim that his constitutional rights were violated by virtue of the delay also fails, because he was detained for less than forty-eight hours.  See Simmons v. Kelly, No. 06 Civ. 6183, 2009 WL 857410, at *6 (S.D.N.Y. Mar. 31, 2009) (pre-arraignment

---

[2] Plaintiff cites to N.Y. C.P.L. § 140.209(1), rather than section 140.20(1), but the former does not exist.  Section 140.20(1) requires police officers to bring an arrested person for arraignment without unnecessary delay, therefore I determine that the plaintiff intended to invoke its protections.

detentions of up to forty-eight hours do not constitute violations of the Fourth Amendment);
County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991).  Even if the delay in arraignment
was unreasonable, Zaleta is protected by qualified immunity because it was objectively
reasonable to believe that a delay of less than forty-eight hours was not a violation of the
plaintiff's rights.

Finally, plaintiff's claim that he was questioned without an attorney in
violation of his Fifth Amendment rights fails because he does not allege that any coerced
statements were admitted against him during his prosecution.  Chavez v. Martinez, 538 U.S.
760, 769 (2003) ("mere coercion does not violate the text of the Self–Incrimination Clause
absent use of the compelled statements in a criminal case against the witness.").  Because he
does not allege that the trial court admitted any self-incriminating statements that were taken
after his request for a lawyer was refused, his claim that his Fifth Amendment rights were
violated is dismissed.


IV.    Defendants Daniel Boggiano, Barbara Schnoor, and Amy Baldwin

Plaintiff alleges that defendants Detective Daniel Boggiano, Nurse Barbara
Schnoor, and Medical Examiner Amy Baldwin (collectively the "Forensic Defendants")
"editorializ[ed]" their testimony against him at his criminal trial, and withheld exculpatory
evidence and fabricated inculpatory evidence in connection with their testimony, therefore
violating 42 U.S.C. § 1983.  (Am. Compl. at 8.)

A complaint "requires more than labels and conclusions."  Twombly, 550 U.S.
at 545.  It does not suffice "if it tenders 'naked assertion[s]' devoid of "further factual
enhancement."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Plaintiff's

factual recitation on his claims against these defendants is, in its entirety, the following:

> The Defendants here did editorializing their testimony, there making plaintiff' properly stated claim under § 1983 against all Forensic chemist for maliciously withholding exculpatory evidence and fabricating inculpatory evidence at trial. See Pierce v. Gilchrist, 359 F.3d 1279, 1292 (10th Cir. 2004). The Defendants on cross-examination had to say "okay; one by one, after all the dress-up and all the fancy stuff, they say I did not see anything. Nothing; No blood, no semen, not a hair, no trauma, no Vaseline, no glands are lubricating, no petroleum jelly. <u>Nothing</u>, there is this so call victim, this victim can't speak, forensics are now speaking on behalf of the Plaintiff', and Gary the so call victim, and it is saying nothing happen that Damon Jones, didn't do anything to me (victim). This three defendants has violated my civil rights under § 1983.

(Am. Compl. at 8–9) (errors and emphasis in original). The Amended Complaint does not explain what improper statements any of the Forensic Defendants allegedly made, nor what evidence they allegedly withheld or fabricated. Plaintiff has therefore failed to state a claim upon which relief can be granted as to these defendants.

Additionally, the Forensic Defendants are protected by absolute immunity as testifying witnesses. "It is well established that testifying witnesses, including police officers, are entitled to absolute immunity from liability under § 1983 based on their testimony." Rolon v. Henneman, 443 F.Supp.2d 532, 536 (S.D.N.Y. 2006) (citing Briscoe v. LaHue, 460 U.S. 325 (1983)). To the extent plaintiff alleges that the Forensic Defendants engaged in a conspiracy to present false testimony or evidence, such conduct would not be immunized because "witnesses enjoy immunity only for their actions in testifying, and are not immune for extra-judicial actions such as an alleged conspiracy to present false testimony." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). Plaintiff alleges that a conspiracy must have existed with ADA Zaleta at its head, because the evidence and testimony presented by the state was inconsistent and contradictory. (Am. Compl. at 5–6.) These allegations of conspiracy are not sufficient to survive a motion to dismiss. Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993)

("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." (internal quotations omitted)); see also San Filippo v. U.S. Trust Co. of New York, Inc., 737 F.2d 246, 256 (2d Cir. 1984) ("Although we decline to recognize absolute immunity from suits alleging conspiracy on [absolute immunity grounds], we think it is imperative for courts to examine with great care any suit charging that prosecution witnesses conspired with the prosecutor, and to dismiss on pre-trial motion those that are clearly baseless." (internal citation omitted)).

        Plaintiff's section 1983 claim against defendant Barbara Schnoor must also be dismissed because there is no allegation that she was a state actor or acting under color of state law. Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). Testifying in a criminal trial is not an act performed under color of state law. San Filippo, 737 F.2d at 256. Plaintiff's conclusory allegation that Ms. Schnoor conspired with the state is not a sufficient allegation of state action. Id.; see also Ciambrello, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").


    V.    Defendants Michael King, Drew Howard and David Pagan

        Plaintiff has asserted claims of false arrest, malicious prosecution, false testimony, conspiracy, delay of arraignment and excessive force against defendants Michael King, Drew Howard and David Pagan (collectively, the "Police Officer Defendants") have moved for judgment on the pleadings under Rule 12(c), Fed R. Civ. P., arguing that the plaintiff's complaint fails to state a claim upon which relief can be granted.

        a.   False Arrest and Malicious Prosecution

Plaintiff has asserted claims against the Police Officer Defendants for false arrest and malicious prosecution under section 1983.  Plaintiff's claim of false arrest is barred by the existence of probable cause for the arrest, which is established as a matter of law by his conviction.  Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) ("[A] conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause.").  The fact that plaintiff was not convicted of all the crimes for which he was arrested does not negate the existence of probable cause to arrest, which is an absolute defense to his claims of false arrest.  See Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) ("[A] plaintiff is not entitled to damages under § 1983  for false arrest so long as the arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer at the time of arrest." (citing Devenpeck v. Alford, 543 U.S. 146 (2004))).

Plaintiff's malicious prosecution claims are similarly barred by the existence of probable cause.  "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause."  Manganiello v. City of New York, 612 F.3d 149, 161–162 (2d Cir. 2010) (internal quotations and citation omitted).  "That presumption may be rebutted only "by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'"  Id. (quoting Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003)).  Plaintiff's conclusory allegations of falsified testimony are not sufficient to rebut this presumption.  Moreover, even if no presumption applied, probable cause to initiate the prosecution existed.  Plaintiff alleges that the officers received a call from the defendant's co-worker reporting a rape, and another co-worker, Harrison, gave an

eyewitness account of the event.  "When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity."  <u>Curley v. Village of Suffern</u>, 268 F.3d 65, 70 (2d Cir. 2001) (internal citation omitted).  Plaintiff does not allege any circumstance that the police were aware of which would have raised doubt as to Harrison's veracity.  Probable cause to prosecute existed, and therefore the claims for malicious prosecution must be dismissed.

b.  False Testimony, Conspiracy and Delay of Arraignment

Plaintiff's claims that the Police Officer Defendants falsified testimony or conspired against him suffer from the same defects as those claims against the Forensic Defendants, discussed above, and are dismissed for the same reasons.  The officers are also protected by absolute immunity from the type of claim of perjurious testimony alleged in this complaint.[3]  Finally, Plaintiff does not allege that the Police Officer defendants were personally involved in delaying his arraignment.  Therefore to the extent the complaint could be read to allege that claim against them, it is dismissed for failure to allege personal involvement.  <u>See</u> <u>Costello v. City of Burlington</u>, 632 F.3d 41, 48 (2d Cir. 2011) (plaintiff bringing claim under section 1983 must allege facts establishing personal involvement).

c.  Excessive Force

Plaintiff also alleges under section 1983 that the Police Officer Defendants used excessive force in the course of his arrest, in violation of the Fourth Amendment.  He alleges that after being arrested, he was "placed into a room, a small room," where the Police Officer Defendants "had Plaintiff handcuffed to a bench, [where] they beat, tazed, shamed as

---

[3] When the officer is the complaining witness, accused of maliciously initiating the prosecution, he is entitled to only qualified immunity.  <u>See</u> <u>Malley v. Briggs</u>, 475 U.S. 335, 340-42 (1986); <u>White v. Frank</u>, 855 F.2d 956, 956 (2d Cir. 1988).  Plaintiff's claim for malicious prosecution fails due to the existence of probable cause, however, and plaintiff's remaining claim based on allegedly false testimony is barred by the absolute immunity granted to testifying witnesses.

a man, and [called] Plaintiff all kinds of N words, [called him] a Rapist, Fag, for over two hours, and made me write a three-quarter page paper trying to make me admit to this crime." (Am. Compl. at 2.)  The Police Officer Defendants move to dismiss, arguing that the plaintiff does not allege any injury as a result of the force, and that he does not allege facts showing why the force used would have been unreasonable under the circumstances.

   The motion to dismiss the claim for excessive force is denied.  The Amended Complaint sufficiently alleges that the force used was unreasonable under the circumstances. He claims that the officers beat him and used a taser on him while he was handcuffed to a bench.  If these allegations are proven, a jury could reasonably conclude that that such force was unreasonable under the circumstances.  See Tracy v. Freshwater, 623 F.3d 90, 98 (2d Cir. 2010) ("[A] reasonable juror could find that the use of pepper spray deployed mere inches away from the face of a defendant already in handcuffs and offering no further active resistance constituted an unreasonable use of force.").  The failure to allege serious injury does not require dismissal of the claim.  "If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe." Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987).  If excessive force was used but plaintiff cannot prove serious injury, "[a] jury could reasonably find that only nominal damages are appropriate."  Kerman v. City of New York, 374 F.3d 93, 123 (2d Cir. 2004).

   Defendants' motion for a more definite statement is also denied.  Plaintiff's allegation that he was beaten, tased, and verbally harassed while handcuffed to a bench is not "so vague or ambiguous that the party cannot reasonably prepare a response."  Rule 12(e), Fed. R. Civ. P.  Moreover, a motion for a more definite statement "must be made before filing a responsive pleading."  Id.  The Police Officer defendants have filed an answer to the

Amended Complaint.  (Docket No. 32.)  The motion for a more definite statement is therefore denied.


VI.    Municipal liability

            To the extent plaintiff asserts claims against the City of New York, they are dismissed.  Plaintiff does not allege that unlawful action was implemented or executed pursuant to a government policy or custom. See Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 690–91 (1978); accord Reynolds v. Giuliani, 506 F.3d 183, 190 (2d Cir. 2007). The City may not be held liable under section 1983 on a theory of vicarious liability. Monell, 436 U.S. at 691.


VII.    State law claims

            Plaintiff asserted various state law claims against all defendants.  However, no state claims can be brought against a city, county, or any officer, agent or employee thereof unless a notice of claim has been served in compliance with New York General Municipal Law § 50-e.  N.Y. Gen. Mun. Law § 50-k(6) (city); id. § 50-i(1) (county).  Because plaintiff has not alleged service of such a notice, his state law claims are dismissed.  Id. § 50-i(1)(b).


CONCLUSION

            For the foregoing reasons, plaintiff's claims against defendants Zaleta, Boggiano, Schnoor, Baldwin, King, Howard, and Pagan are dismissed, with the exception of the claim for excessive force under section 1983 against defendants King, Howard and Pagan. The Clerk is directed to terminate the motions at Docket Nos. 12, 38, 41, 48, and 51.  Counsel

for the Police Officer Defendants is directed to transmit copies of all unreported decisions cited herein to plaintiff.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
            September 28, 2011