```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DAMON O. JONES,

                Plaintiff,

  -against-

POLICE OFFICER MICHAEL KING SH #9372,
POLICE OFFICER JASON KINELLA SH #9398,
POLICE OFFICER JOHN DOE,
DETECTIVE DAVID PAGAN,
DETECTIVE DREW HOWARD,
DETECTIVE DANIEL BOGGIANO,
BARBARA SCHNOOR, SEXUAL ASSAULT FORENSIC
ASSISTANT, DISTRICT ATTORNEY JIM ZALETA,
MICHAEL HARRISON D-A-TRAINER,
AMY BALDWIN, OFFICE OF THE CHIEF MEDICAL
EXAMINER,

                Defendants.
-----------------------------------------------------------------x

10 Civ. 897 (PKC) (KNF)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        Plaintiff Damon O. Jones, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 and New York law. Plaintiff alleges that certain police officers, detectives, and other city employees violated his constitutional rights in connection with his arrest in April of 2008.[1] Defendants Michael King, Drew Howard, Jason Kinella and David Pagan now move to dismiss this action, pursuant to Rules 37(b) and 41(b), Fed. R. Civ. P., asserting that plaintiff (1) has failed to prosecute this case and (2) has repeatedly failed to comply with court orders.

        The Court assumes familiarity with the specific factual allegations in the matter.

---

[1] On September 28, 2011, the Court dismissed all claims against defendants King, Howard and Pagan with the exception of the claim for excessive force, pursuant to 42 U.S.C. § 1983. Jones v. King, No. 10 Civ. 897, 2011 WL 4484360, at *9 (S.D.N.Y. Sept. 28, 2011). Defendant Kinella had not yet been served. Id. at *1.

Much of the background may be found in the Court's prior opinion, 2011 WL 4484360 (S.D.N.Y. Sept. 28, 2011), and need not be recounted here. On March 16, 2012, defendants served plaintiff with a set of interrogatories and document requests. (Ceballo Decl. Ex. C.) Defendants informed plaintiff in a letter dated May 14, 2012 that plaintiff had failed to timely respond. (Id. Ex. D.) On May 30, 2012, defendants requested that Magistrate Judge Kevin N. Fox compel plaintiff to respond, "on pain of sanctions, including but not limited to dismissal of this action." (Id. Ex. E.) On June 14, 2012, after holding a telephonic conference, Magistrate Judge Fox entered an order stating that:

> As a result of the discussion had during the conference, IT IS HEREBY ORDERED that on or before June 26, 2012, the plaintiff shall:
>
> 1. answer the defendants' interrogatories;
>
> 2. submit to the defendants an authorization(s) permitting them to access the plaintiff's medical records; and
>
> 3. disclose to the defendants documents responsive to their demand for documents and, as additional responsive documents are obtained by the plaintiff, he must supplement his response by providing the defendants with copies of the additional documents he acquires.

(Docket No. 76.)

Plaintiff requested an extension of time within which to respond, (Docket No. 77), and on July 11, 2012, submitted responses, which the defendants viewed as insufficient. (Def. Mem. at 4; see also Ceballo Decl. Ex. F.) Defense counsel informed plaintiff his responses and objections were deficient. (Ceballo Decl. Exs. G, I.) In a letter dated July 22, 2012, plaintiff informed defense counsel of his intention to move for a protective order. (Id. Ex. H.) The letter also stated that "Plaintiff is still under medical care, and would allow only the records that

identify the incident of injuries from April 12, 2008, and to the present, is the only relevant at issue." (Id.) Plaintiff noted that his "arm is now being fitted for a brace and the time ask to response to the Defendants request as time to answer cannot be meet, and to is due to medical reasons, Plaintiff is not able to answer on the Defendants time." (Id.)

On August 8, 2012, defendants requested that Magistrate Judge Fox compel plaintiff's responses. (Id. Ex. J.) On August 20, 2012, Magistrate Judge Fox held a telephonic conference during which he declined to issue a protective order with respect to plaintiff's medical records. (Id. Ex. K at 14 (conference transcript).) The transcript of the conference suggests that plaintiff had provided defense counsel with some medical information on August 10, 2012, but did not provide the required release forms. (Id. at 10-11.) The Magistrate Judge addressed plaintiff's objections to the individual interrogatories, and instructed plaintiff to answer the questions with few exceptions.[2] (Id. at 16-33.) Plaintiff was also instructed to comply with several document requests. (Id. at 36-38.) Plaintiff stated that he had not provided certain information to defendants because his attorney in the underlying criminal action was still "trying to locate these things." (Id. at 18.) After the conference, Magistrate Judge Fox entered an order stating that:

> As a result of the discussion had during the conference, IT IS HEREBY ORDERED that:
>
> 1. the time for the parties to complete their pretrial discovery activities is enlarged to November 9, 2012;
>
> 2. on or before August 24, 2012, the plaintiff shall execute authorizations for the release to the defendant of medical and

---

[2] Magistrate Judge Fox sustained objections to interrogatories 2 and 19, insofar as the questions elicited information from privileged communications and work product. (Ceballo Decl. Ex. K at 17, 32.) Magistrate Judge Fox also instructed defense counsel to "present interrogatories that comply with" Local Rule 33.3. (Id. at 5-6.)

3

> psychological records for the five (5) years preceding the commencement of this action;
>
> 3. on or before September 14, 2012, the plaintiff shall, consistent with the discussion had during the above-referenced conference, supplement his responses to the defendants' document demands and interrogatories; and
>
> 4. on or before December 10, 2012, the parties shall submit their joint pretrial order to the Court.

(Docket No. 84.)

Plaintiff failed to comply with this Order, and defendants mailed plaintiff another deficiency letter on September 19, 2012. (Ceballo Decl. Ex. L.) Defendants requested that Magistrate Judge Fox compel plaintiff to produce the outstanding discovery, (id. Ex. M), and his medical release forms. (Id. Ex. N.) On October 9, 2012, Magistrate Judge Fox ordered plaintiff to:

> (1) execute and deliver to the defendants' counsel an authorization(s) permitting the defendants to access his medical records covering the period five years preceding the commencement of this action; and (2) supplement his responses to the defendants' discovery demands, consistent with the discussion had during the August 20, 2012 conference with the Court. Failure by the plaintiff to comply with the above-noted directives may expose the plaintiff to sanctions, including the dismissal of the plaintiff's complaint.
>
> The time for the parties to complete their pretrial discovery activities is enlarged to January 9, 2013. The time for the parties to submit their joint pretrial order to the Court is enlarged to February 11, 2013.

(Docket No. 88.) On October 12, 2012, plaintiff provided properly executed medical authorizations. (Ceballo Decl. ¶ 17.) Plaintiff also provided defendants with what they now characterize as "a random assortment of transcript pages purportedly from plaintiff's underlying criminal trial . . . ." (Id.; see id. Ex. O.) Defendants assert that plaintiff has not supplemented his

4

responses to the interrogatories and document demands and thus, has failed to comply with Magistrate Judge Fox's August 28, 2012 and October 9, 2012 Orders. (Def. Mem. at 6-7; Ceballo Decl. Ex. P.)[3]

On December 6, 2012, plaintiff agreed to appear for his deposition, which the parties scheduled for December 20, 2012. Two days before the scheduled deposition plaintiff informed defense counsel that he would not appear and would not reschedule. (See Ceballo Decl. Ex. S (letter to plaintiff memorializing the conversation).)[4] Defendants now move to dismiss the amended complaint.

I. Failure to Prosecute

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b), Fed. R. Civ. P. Dismissal under Rule 41(b), however, is "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 575-76 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Where the failure to prosecute is by a pro se litigant, "district courts should be especially hesitant to dismiss for procedural deficiencies" and should only dismiss "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

In weighing dismissal as a remedy, the Court considers whether: "(1) the

---

[3] On November 5, 2012, defendants requested that the Magistrate Judge dismiss the complaint due to plaintiff's failure to comply with court orders. (Ceballo Decl. Ex. P.) Magistrate Judge Fox denied the request without prejudice. (Docket No. 91.) In a letter dated November 30, 2012, defense counsel informed the Court that it would move to dismiss the case pursuant to Rules 41(b) and 37(b)(2)(A), Fed. R. Civ. P. (Ceballo Decl. Ex. R.)

[4] The Court notes that after this motion was filed Magistrate Judge Fox ordered that plaintiff attend his deposition, "which must be held on or before February 13, 2013." (Docket No. 103.) Defense counsel informed the Court and Magistrate Judge Fox that plaintiff failed to comply with this Order as well. That noncompliance is not before me on this motion.

plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion . . . carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

Here, defendants press that plaintiff "has entirely failed to prosecute this action" because plaintiff has failed to comply with Magistrate Judge Fox's discovery orders and did not appear for a scheduled deposition. (Def. Mem. at 12.) The timeline for pretrial discovery has been extended several times due to plaintiff's failure to comply with the Federal Rules and court orders. However, given the strong preference that district courts resolve cases on the merits and precept that district courts exercise particular caution before dismissing the claims of a pro se litigant, the Court declines to dismiss the case for failure to prosecute at this juncture.

II. Failure to Comply with Discovery Orders

Defendants also move to dismiss this action because plaintiff has failed to comply with several discovery orders. "All litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal . . . ." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quotation marks and internal citations omitted). Rule 37(b)(2)(A), Fed. R. Civ. P., provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," including an order "(v) dismissing the action or proceeding in whole or in part."

6

Although pro se plaintiffs are generally afforded "special solicitude," they "are not immune to dismissal as a sanction for noncompliance with discovery orders." Agiwal, 555 F.3d at 302. The severe sanction of dismissal with prejudice may be imposed against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal. Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994). In determining whether to impose dismissal with prejudice as a sanction under Rule 37(b)(2)(A), the Court must find willfulness, bad faith or fault by the non-compliant litigant. Agiwal, 555 F.3d at 302. The Court considers several factors including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Id. at 302-03 (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)) (ellipsis in original).

Throughout the course of this litigation plaintiff has attempted to excuse his noncompliance, citing health problems and delays caused by the attorney in his underlying criminal trial.[5] The Court notes that plaintiff has produced his medical release forms and some documents (albeit a purportedly nonresponsive "random assortment of transcript pages"). (Ceballo Decl. ¶ 17.) Further, it appears that plaintiff orally answered several interrogatories during the August 20, 2012 telephonic conference. (Id. Ex. K.) The Magistrate Judge has been in the best position to assess whether plaintiff's shortcomings are the product of willfulness or otherwise. Based on the record, this Court is unable to conclude that plaintiff's actions reflect sustained willful noncompliance.

---

[5] The Court notes that defendants' September 26, 2012 and October 3, 2012 letters to Magistrate Judge Fox indicate that defendants were informed by plaintiff's mother that plaintiff had been committed to a "psychological ward" for some amount of time during the period of noncompliance. (Ceballo Decl. Exs. M, N.)

7

Compliance with judicial orders is not optional. The Magistrate Judge has been more than patient with the plaintiff. He has thoroughly and carefully considered each discovery dispute, explained to plaintiff the deficiencies of his responses, and warned plaintiff that failure to comply with court orders might result in the dismissal of this lawsuit. Plaintiff's failure to act now jeopardizes the Court's ability to resolve this action in a just, efficient and timely manner. But with Magistrate Judge Fox's expert oversight of the pretrial phase, this Court is hopeful that this action can be brought to its conclusion on the merits. The Court, however, does not foreclose the possibility that the action will be dismissed for plaintiff's willful noncompliance with judicial orders or other discovery obligations.

## CONCLUSION

The motion (Docket No. 97) is denied without prejudice. DAMON O. JONES IS WARNED THAT ANY FURTHER NONCOMPLIANCE WITH A COURT ORDER OR OTHER OBLIGATIONS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE OR LOCAL RULES OF THIS COURT WILL RESULT IN A DISMISSAL WITH PREJUDICE OF THIS ACTION WHICH MEANS THE CASE WILL BE OVER AND MR. JONES WILL TAKE NOTHING.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 4, 2013