```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-6-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DAMON O. JONES,

                        Plaintiff,                  10 Civ. 897 (PKC) (KNF)

    -against-

                                                MEMORANDUM AND ORDER

POLICE OFFICER MICHAEL KING SH #9372,
POLICE OFFICER JASON KINELLA SH #9398,
POLICE OFFICER JOHN DOE,
DETECTIVE DAVID PAGAN,
DETECTIVE DREW HOWARD,
DETECTIVE DANIEL BOGGIANO,
BARBARA SCHNOOR, SEXUAL ASSAULT FORENSIC
ASSISTANT, DISTRICT ATTORNEY JIM ZALETA,
MICHAEL HARRISON D-A-TRAINER,
AMY BALDWIN, OFFICE OF THE CHIEF MEDICAL
EXAMINER,

                        Defendants.
-----------------------------------------------------------------x

CASTEL, District Judge:

        The defendants move to dismiss for failure to prosecute and for failure to comply with judicial orders, invoking Rules 41(b), 16(f) and 37(b)(2)(A), Fed. R. Civ. P. For reasons explained, the motion is granted.

        In a Memorandum and Order filed March 4, 2013, this Court recounted the failures of plaintiff Damon O. Jones to comply with Orders of Magistrate Judge Fox. (Dkt 107.) The March 4 Memorandum and Order declined to dismiss the action, giving Mr. Jones the benefit of the doubt on the extent to which his non-compliance was willful. The Court wrote as follows:

*Mailed to plaintiff 6/6/14*

>Compliance with judicial orders is not optional.  The Magistrate Judge has been more than patient with the plaintiff.  He has thoroughly and carefully considered each discovery dispute, explained to plaintiff the deficiencies of his responses, and warned plaintiff that failure to comply with court orders might result in the dismissal of this lawsuit.  Plaintiff's failure to act now jeopardizes the Court's ability to resolve this action in a just, efficient and timely manner.  But with Magistrate Judge Fox's expert oversight of the pretrial phase, this Court is hopeful that this action can be brought to its conclusion on the merits.  The Court, however, does not foreclose the possibility that the action will be dismissed for plaintiff's willful noncompliance with judicial orders or other discovery obligations.

Memorandum and Order at 8.

>The Court closed with an explicit, non-technical warning to Mr. Jones:

>DAMON O. JONES IS WARNED THAT ANY FURTHER NONCOMPLIANCE WITH A COURT ORDER OR OTHER OBLIGATIONS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE OR LOCAL RULES OF THIS COURT WILL RESULT IN A DISMISSAL WITH PREJUDICE OF THIS ACTION WHICH MEANS THE CASE WILL BE OVER AND MR. JONES WILL TAKE NOTHING.

Id. (capitalization in the original).  On the present motion, the Court refrains from recounting Mr. Jones's non-compliance with judicial orders prior to March 4, 2013 and refers the reader to the prior Memorandum and Order.

Following the Court's March 4 Memorandum and Order, Magistrate Judge Fox issued a written order as follows: "The parties shall confer and, thereafter, on or before August 30, 2013, submit their joint pretrial order to the Court.  That document must conform to the requirements for such an order that are found in the Individual Rules of Practice of the assigned district judge."  (Order of Aug. 13, 2013; Dkt 110.)  At Mr. Jones's request, the date for compliance was extended to October 30, 2013.  (Order of Sept 9, 2013; Dkt 113).  On October 28, 2013, Mr. Jones wrote to the Court and Magistrate Judge Fox, stating that he did not want to fail to comply with Court orders, and seeking a further extension of the time to comply.  (Dkt

115.)  In a letter to Magistrate Judge Fox, the defendants recounted their unsuccessful attempts to reach Mr. Jones by phone or email.  (Dkt 114.)  Magistrate Judge Fox further extended the date for compliance to February 14, 2014.  (Order of Nov. 15, 2013, Dkt 117.)

On February 13, defendants' counsel wrote to Magistrate Judge Fox and the undersigned, noting Mr. Jones's continued non-compliance with orders requiring the preparation of joint pretrial order.  On the day the letter was received, the undersigned entered an order extending the date for the joint pretrial order to March 14 and further ordering as follows:  "MR. JONES IS WARNED THAT HE MUST SUBMIT HIS LIST OF WITNESSES, EXHIBITS AND OTHER MATERIALS REQUIRED BY THE UNDERSIGNED'S INDIVIDUAL PRACTICES TO DEFENDANTS' COUNSEL BY FEBRUARY 21, 2014 OR HIS CLAIMS WILL BE DISMISSED."  (Order of Feb 13, 2014; Dkt 119; emphasis in the original.)

The defendants' motion to dismiss for failure to prosecute was filed three months ago and no response has been filed by Mr. Jones. In the declaration in support of the motion to dismiss for failure to prosecute, counsel for the defendant states that "[t]o date, plaintiff has not communicated or corresponded with me in any manner whatsoever regarding the joint pretrial order." (Beck Decl.¶ 21.)

DISCUSSION

"[D]ismissal of an action under Rule 41(b) is considered a "'harsh remedy' that should 'be utilized only in extreme situations.'"  Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).  In weighing dismissal as a remedy the Court should consider whether:  "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to

alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004).  "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).  Where the failure to prosecute is by a pro se litigant, "district courts should be especially hesitant to dismiss for procedural deficiencies" and should only dismiss "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

   Here, the delay caused by defendant has been significant.  The case was filed on February 4, 2010 and is one of the oldest on the undersigned's docket.  Magistrate Judge Fox and the undersigned have been endeavoring without success to secure Mr. Jones's compliance with the joint pretrial order process since August 13, 2013 without any meaningful input from Mr. Jones.  He has been given generous extensions with no compliance or prospect of compliance.  As the recitation of the background demonstrates, Mr. Jones has been given repeated clear, unambiguous, and non-technical notice that the consequence of non-compliance would be dismissal.

   Defendants are prejudiced by further delay.  Section 1983 actions are brought against state actors in their individual capacities.  They are a cloud over both reputation and creditworthiness.  They may be reported on a car loan or mortgage application and would appear on a thorough background check.  The defendants, because of the plaintiff's actions, are thwarted from having their day in court.  Moreover, the events complained of took place in April 2008, more than six years ago.  Because memories fade over time, it is more difficult for defendants to mount a defense.

   The Court has considered the need to alleviate court calendar congestion and finds

that it plays no role in the decision to dismiss. The plaintiff has a right to "a day in court" but has forfeited that right by his actions.

Lesser sanctions would not likely be efficacious because the warning of the extreme sanction of dismissal has not brought Mr. Jones into compliance. See Ruzsa v. Rubenstein & Sendy, Attys at Law, 520 F.3d 176, 178 (2d Cir. 2008).

CONCLUSION

The motion to dismiss (Dkt 125) is GRANTED. The action is dismissed with prejudice. The Clerk shall enter judgment in favor of the defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

Dated: New York, New York
June 6, 2014

P. Kevin Castel
United States District Judge